IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CONNIE P.,**[1]

                                    Plaintiff,                        Civ. No. 3:22-cv-00799-MK

        v.                                                               **OPINION AND ORDER**

**KILOLO KIJAKAZI**, Acting
Commissioner of Social Security

                                  Defendant.

**KASUBHAI, Magistrate Judge:**

      Plaintiff Connie P. ("Plaintiff") brought this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act ("the Act"). On April 27, 2023, this Court entered an order (ECF No. 16) and judgment (ECF No. 17) reversing the Commissioner's final decision and

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

remanding the case for the calculation and payment of benefits. Before the Court is the Commissioner's Motion to Alter or Amend Judgment. ECF No. 18.

## BACKGROUND

In Plaintiff's appeal of the Commissioner's final decision, Plaintiff argued that the ALJ erred by (1) formulating an internally inconsistent RFC by limiting her to simple instructions yet allowing for jobs with a reasoning level of 2; (2) failing to consider Plaintiff's Vocational Rehabilitation Eligibility evaluation; and (3) failing to properly include her social limitations in the RFC. ECF No. 12. In its Opinion and Order dated April 27, 2023, the Court rejected Plaintiff's argument that the ALJ's RFC was internally inconsistent and found that the ALJ's failure to consider or credit the Vocational Rehabilitation evaluation was not harmful error. ECF No. 16 at 7. However, the Court agreed with Plaintiff that the ALJ's failure to include Plaintiff's moderate limitations on social interactions in the RFC by limiting her to "occasional" social interactions with the public was harmful error. *Id.* at 8-10. The Court therefore proceeded to conduct a "credit-as-true" analysis of the improperly rejected evidence to determine whether the ALJ's error warranted a remand for further proceedings or an award of benefits. *Id.* at 10-13; *see Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (in determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis).

Under the "credit-as-true" analysis, the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). In performing the "credit-as-true" analysis, the Court found that the first condition was met because the ALJ improperly failed to incorporate Plaintiff's social limitations into the RFC and therefore effectively rejected

Page 2 – OPINION AND ORDER

medical opinion evidence. ECF No. 16 at 11; *Dominguez*, 808 F.3d at 407. The Court found that the second condition was met because there were no outstanding conflicts or ambiguities in the record. ECF No. 16 at 11-12. The Court found that the third condition was met because the vocational expert ("VE") questioned at the administrative hearing did not identify any jobs that Plaintiff could perform given her erroneously rejected social limitations. ECF No. 16 at 12. The Court therefore concluded that, given the absence of "serious doubt as to whether [Plaintiff was], in fact, disabled within the meaning of the Social Security Act," *Garrison*, 759 F.3d at 1020–21, a remand for the payment of benefits was both warranted and appropriate. ECF No. 16 at 12-13. Accordingly, the Court exercised its discretion and remanded the case for an immediate calculation and payment of benefits. *Id.* at 13.

## LEGAL STANDARD

Fed. R. Civ. P. 59(e) permits the Court to amend and reconsider a prior order or judgment. "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there was an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

## DISCUSSION

The Commissioner asks the Court to amend its order and judgment based on a commission of clear error. ECF No. 18; *see Zimmerman*, 255 F.3d at 740. The Commissioner makes two allegations of clear error in the Court's April 27 Opinion: (1) the finding that there were no outstanding issues that must be resolved and that further administrative proceedings would serve no useful purpose; and (2) the finding the ALJ would be required to find Plaintiff disabled when erroneously rejected limitations are credited as true.

I.    **The Utility of Further Administrative Proceedings**

The Commissioner argues that the Court's finding at step two of the "credit-as-true" analysis that there were "no outstanding conflicts or ambiguities" within the record was clear error. The Commissioner first notes that Plaintiff engaged in substantial gainful activity during the relevant period, from December 2019 to March 2020. Tr. 13, 41-42[2]. As the Commissioner notes, however, the ALJ proceeded to perform the sequential evaluation only with respect to the periods in which Plaintiff did not engage in substantial gainful activity. Tr. 13. While the Court's Order did not address this finding, the Court's remand order requires a "calculation and payment of benefits" for the period of disability adjudicated by the ALJ. *See* ECF No. 16 at 1-2. The Court's Order thus applies to the period subject to the ALJ's sequential evaluation and excludes any period in which Plaintiff performed substantial gainful activity.

The Commissioner also argues that Plaintiff's limited work activity during the relevant period "created serious doubt as to whether [Plaintiff] was disabled for the entire period at issue." *Treichler v. Comm'r*, 775 F.3d 1090, 1101 (9th Cir. 2014) (a remand for an immediate award of benefits is only appropriate when the record creates "not the slightest uncertainty" that the claimant was disabled). The Court disagrees. Plaintiff's inability to sustain substantial gainful activity during the relevant period for more than a few short months at most is consistent with the findings of her medical providers that she suffered from significant functional limitations. The fact that Plaintiff sought and briefly sustained substantial gainful employment during the relevant period speaks to Plaintiff's efforts to live a normal life and should not be held against

---

[2] "Tr." Refers to the Transcript of the Social Security Administrative Record, ECF No. 11, provided by the Commissioner.

her. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (a claimant is not required to "vegetate in a dark room in order to be eligible for Social Security benefits").

The Commissioner also argues that because the ALJ found Plaintiff's subjective allegations unreliable, the Court's determination that further proceedings were unnecessary was clear error. The Court addressed a similar argument that there were "serious doubts" as to whether Plaintiff was in fact disabled in its Opinion and Order. ECF No. 16 at 11. There, the Commissioner rehearsed the ALJ's findings that Plaintiff's testimony regarding her debilitating limitations was belied by "unremarkable" examination findings of cooperative attitude and appropriate behavior, as well as improvement with treatment. *Id.* at 12-13. The Court noted that these findings - regarding Plaintiff's behavior with individual treatment providers and fluctuating improvements with mental health treatment - did not conflict with the erroneously discredited medical evidence of Plaintiff's social limitations. *Id.* The ALJ's findings regarding Plaintiff's testimony did not affect the Court's finding that further administrative proceedings would serve no useful purpose. Therefore, the ALJ's evaluation of Plaintiff's testimony does not substantiate the Commissioner's allegations of clear error.

The Commissioner now argues that, under the Ninth Circuit's holding in *Dominguez*, an "ALJ's well-supported credibility concerns raise additional factual issues that require resolution" on remand. *Dominguez*, 808 F.3d at 409. The Commissioner's citation of *Dominguez* is misleading. The full statement from that case is, "*the* ALJ's well-supported credibility concerns raise additional factual issues that require resolution." *Id.* (emphasis added). In *Dominguez*, the Ninth Circuit used the definite article "the" to refer to a particular ALJ's unique credibility concerns which, within the context of the parties' arguments and the administrative record, raised factual issues that required resolution on remand. *Id.* at 409. While the Commissioner

Page 5 – OPINION AND ORDER

replaces the definite article "the" with an indefinite "an" to derive a universal rule from a statement in *Dominguez*, this was not the Ninth Circuit's holding. The facts of *Dominguez* are distinguishable from this case and its holding does not mandate a remand for further proceedings in this case.

## II.     Finding of Disability on Remand

The Commissioner argues that the Court's holding that the ALJ would be required to find Plaintiff disabled on remand was also clear error. In assessing the third prong of the credit-as-true analysis, the Court reasoned as follows: first, the ALJ determined that Plaintiff was not disabled based on a finding that Plaintiff could perform jobs requiring a reasoning level of two. ECF No. 16 at 12-13; Tr. 26, 55. This finding was based on VE testimony in response to the ALJ's hypothetical, which included an RFC that did not include all of Plaintiff's credible limitations. The VE replied with representative occupations of small products assembler, marking clerk, and mail clerk – each requiring a reasoning level of 2. *See* Tr. 55. Consistent with the ALJ's flawed RFC, jobs with a reasoning level of two require the worker to accept detailed written or oral instructions, which exceed Plaintiff's functional capacity for social interactions. Social Security Ruling 83-10 defines "occasional" interactions as taking up to one-third of an eight-hour workday. SSR 83-10, 1983 WL 31251, at *5. Because this level of interaction is inconsistent with the erroneously rejected limitations on social interactions, the Court concluded that this case met the third criteria of the credit-as-true standard. ECF No. 16 at 12-13; *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (citing *Garrison*, 759 F.3d at 1021).

The Commissioner cites a number of non-binding cases from this and other district courts for the proposition that vocational experts "routinely testif[y] that individuals limited to superficial social interaction can perform jobs with level-two reasoning" and that claimants limited to "superficial" interactions can perform "simple" instructions. ECF No. 18 at 6. Perhaps due to the highly fact-specific nature of disability determinations and vocational expert testimony, however, the Commissioner presents no case directly contradicting the Court's findings, or any case that is binding on this Court to substantiate the Commissioner's allegations of clear error.[3]

The Commissioner argues, finally, that the VE "did not identify jobs that Plaintiff could perform given her limitation to superficial social interaction [] because the VE was never asked if Plaintiff could perform jobs with that limitation." ECF No. 18 at 8. This inadequately characterizes the administrative record. At the hearing, the ALJ presented the VE with a residual functional capacity that did not include all of Plaintiff's limitations. Therefore, the VE was presented with an RFC *less limiting* than Plaintiff's correct RFC. The VE thus testified that an individual with all of Plaintiff's limitations *except for her social limitations* could perform three representative occupations in the national economy, each requiring a reasoning level of 2. Tr. 55. It follows that, when presented with Plaintiff's accurate and more limited RFC, the representative occupations presented by the VE would be ruled out.

---

[3] While the Commissioner concludes that there is "no authority" supporting this Court's conclusion, the Court's Opinion and Order cited multiple cases in support of the Court's reasoning that "superficial" and "occasional" are incommensurate terms referring, respectively, to the quality of social interactions, and to their quantity. On this point, the Commissioner provides no rebuttal to the Court's reasoning other than to rehearse definitions from the Dictionary of Occupational Titles already quoted in the Court's Opinion. *See* ECF No. 16 at 8-10.

Page 7 – OPINION AND ORDER

The implication of the Commissioner's argument is that the VE would have provided examples of less demanding occupations had he been queried with a more restrictive RFC. The likelihood of this outcome, however, is so minimal as to satisfy the Court that the record is free from gaps, as the number of available representational occupations decreases with the addition of functional limitations. Because the Commissioner has not made a showing of clear error to justify an alteration or amendment of the Court's order and judgment under Rule 59(e), the Commissioner's motion is denied.

## CONCLUSION

For the reasons stated above, the Commissioner's Motion to Alter or Amend Judgment is DENIED.

IT IS SO ORDERED.

DATED this <u>8th</u> day of June 2023.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge